JOHN P. KRISTENSEN (SBN 224132)
DAVID L. WEISBERG (SBN 211675)
MATTHEW T. HALE (SBN 303826)
**KRISTENSEN WEISBERG, LLP**
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone:  310-507-7924
Fax:  310-507-7906
*john@kristensenlaw.com*
*david@kristensenlaw.com*
*matt@kristensenlaw.com*

***Attorneys for Plaintiff and all others similarly situated***

## THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MATTHEW HARMON, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>      vs.<br><br>FWC FUNDING; and DOES 1 through 20, inclusive, and each of them,<br><br>            Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF FORVIOLATIONS OF:**<br><br>(1)  Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br>(2)  Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Matthew Harmon ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action for himself and others similarly situated

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

1  seeking damages and any other available legal or equitable remedies resulting

2  from the illegal actions of defendant FWC Funding ("Defendant" or "FWC

3  Funding") and DOES 1 through 20, in knowingly, and/or willfully contacting

4  Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer

5  Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby invading Plaintiff's

6  privacy.

## JURISDICTION & VENUE

8  2.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because

9  Plaintiff, a resident of Ohio, seeks relief on behalf of a Class, which will result in

10 at least one class member belonging to a different state than that of Defendant, a

11 company with its principal place of business at 5016 N. Parkway Calabasas,

12 Suite 200, Calabasas, California 91302. Plaintiff also seeks up to $1,500.00 in

13 damages for each call in violation of the TCPA, which, when aggregated among

14 a proposed class in the thousands, exceeds the $5,000,000.00 threshold for

15 federal court jurisdiction. Therefore, both diversity jurisdiction and the damages

16 threshold under the Class Action Fairness Act of 2005 ("CAFA") are present,

17 and this Court has jurisdiction.

18 3.      Venue is proper in the United States District Court for the Central

19 District of California pursuant to 18 U.S.C. §§ 1391(b) and 144(a) because

20 Defendant does business within the State of California and the County of Los

21 Angeles.

## PARTIES

23 4.      Plaintiff, Matthew Harmon ("Plaintiff"), is a natural person residing

24 in Ohio.

25 5.      FWC Funding is a California corporation with its principal place of

26 business in Calabasas, California. Plaintiff is informed and believes that FWC

27 Funding conducted and conducts business in Los Angeles County. FWC Funding

28 may be served via its registered agent, Marc Shenkman at 5016 N. Parkway

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1   Calabasas, Suite 200, Calabasas, California 91302.

2        6.     The above named Defendant, and its subsidiaries and agents, are

3   collectively referred to as "Defendants." The true names and capacities of the

4   Defendants sued herein as DOES 1 through 20, inclusive, are currently unknown

5   to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the

6   Defendants designated herein as a DOE is legally responsible for the unlawful

7   acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to

8   reflect the true names and capacities of the DOE Defendants when such identities

9   become known.

10        7.     Plaintiff is informed and believes and thereon alleges that at all

11   relevant times, each and every Defendant was acting as an agent and/or

12   employee of each of the other Defendants and was the owner, agent, servant,

13   joint venturer and employee, each of the other and each was acting within the

14   course and scope of its ownership, agency, service, joint venture and

15   employment with the full knowledge and consent of each of the other

16   Defendants. Plaintiff is informed and believes and thereon alleges that each of

17   the acts and/or omissions complained of herein was made known to, and ratified

18   by, each of the other Defendants.

19        8.     At all times mentioned herein, each and every Defendant was the

20   successor of the other and each assumes the responsibility for each other's acts

21   and omissions.

22               **LEGAL BASIS FOR CLAIMS**

23        9.     In 1991, Congress enacted the TCPA to regulate the explosive

24   growth of the telemarketing industry.  In doing so, Congress recognized that

25   "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…"

26   Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991)

27   (codified at 47 U.S.C. § 227).

28   ///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

10.     Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems— principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

11.     In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption.  Therefore, all pre-recorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

12.     As of October 16, 2013, unless the recipient has given prior express written consent, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Requires solicitors provide him name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibits solicitations to residences that use an artificial voice or a recording.

- Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.
- Prohibits autodialed calls that engage two or more lines of a multi-line business.
- Prohibits unsolicited advertising faxes.

13.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

14.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## **FACTUAL ALLEGATIONS**

15.     On or about Tuesday, April 26, 2016, Defendant contacted Plaintiff on his cellular telephone number ending in 0110 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1) without first obtaining Plaintiff's written consent.

16.     Plaintiff's caller ID read "347-991-0619" as the call was incoming. This number is assigned to Defendant. The call at first was an automated voice inquiring that Plaintiff was eligible for a business loan and to press "1" for more information. Plaintiff pressed "1" and the call was transferred to a live individual who acted as if Plaintiff was calling him on an incoming call. Plaintiff was again

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

told about business loans. Plaintiff inquired who it was and was told the telephone agent was calling on behalf of FWC Funding.

17.    Plaintiff was annoyed by the calls and wanted Defendant to stop calling. The call invaded his privacy and caused him to lose time on his cellular plan.

18.    On information and belief, Defendant's automated system had called Plaintiff on every occasion.

19.    Based on the circumstances of the call – Plaintiff believed Defendant called his cellular telephone using an ATDS that automatically selected his number from a computer database.

20.    On information and belief, Defendant's ATDS called Plaintiff on every occasion.

21.    On information and belief, and based on the circumstances of the all the calls, Defendant called Plaintiff using an ATDS.

22.    Plaintiff understood the purpose of Defendant's calls was to solicit business from Plaintiff.

23.    The telephone number Defendant called was assigned to a cellular telephone.

24.    Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 0110.

25.    Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26.    Plaintiff did not provide Defendant with prior express written consent to receive calls to him cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

27.    All call(s) Defendant made to Plaintiff violate 47 U.S.C. § 227(b)(1).

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

28.     Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing and spam activities and an award of statutory damages, together with costs and reasonable attorneys' fees, including attorneys' fees pursuant to Cal. *Code Civ. Proc.* § 1021.5.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure and/or other applicable law, on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously provided express consent to receiving such calls within the four (4) years prior to the filing of this Complaint

30.     Plaintiff represents, and is a member of the Class, consisting of All persons within the United States who received any telephone call from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

31.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class are any judges, justices or judicial officers presiding over this matter and the members of their immediate families and judicial staff.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

32.     This action is properly maintainable as a class action. This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

33.     **Numerosity**: The proposed Class is so numerous that individual joinder of all members is impracticable. Due to the nature of the trade and commerce involved, Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendants.

34.     Plaintiff and members of the Class were harmed by the acts of Defendant(s) in at least the following ways: Defendant(s) illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members, without their " prior express consent," to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer message(s) left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

35.     **Common Questions of Law and Fact Predominate**: There are only a few legal and factual issues to determine if there is liability under the TCPA and for each of those questions of law and fact, common issues to the Class predominate over any questions that may affect individual Class members, in that the claims of all Class members for each of the claims herein can be established with common proof. Common questions of fact and law include, but are not limited to, the following:

(a)     Whether, within the four years prior to the filing of this Complaint, Defendant(s) made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automated

dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

(b)  Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

(c)  Whether the Defendant(s) should be enjoined from engaging in such conduct in the future.

36.  **Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendant(s) as all Class members. The injuries to each member of the Class were caused directly by Defendant(s)' wrongful conduct as alleged herein.

37.  **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and him counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

38.  **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

39.     Moreover, individualized litigation would also present the potential for varying, inconsistent, or incompatible standards of conduct for Defendant(s), and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. The adjudication of individual Class members' claims would also, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

40.     Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendant(s)' unlawful and wrongful conduct. Defendant(s) have acted, or refused to act, in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)

### (Against All Defendants)

41.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

42.     The foregoing acts and omission of Defendant(s) constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*. This is a strict liability statute.

43.     As a result of Defendant(s)' violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd, Suite 100
Los Angeles, California 90025

1    44.    Plaintiff and the Class members are also entitled to and seek

2    injunctive relief prohibiting such conduct in the future.

3    ## SECOND CAUSE OF ACTION

4    **(KNOWING AND/OR WILLFUL VIOLATION OF**

5    **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. *ET SEQ.*)**

6    **(Against All Defendants)**

7    45.    Plaintiff hereby incorporates by reference and re-alleges each and

8    every allegation set forth in each and every preceding paragraph of this

9    Complaint, as though fully set forth herein.

10    46.    The foregoing acts and omissions of Defendant(s) constitute

11    numerous and multiple knowing and/or willful violations of the TCPA, including

12    but not limited to each and every one of the above cited provisions of 47 U.S.C.

13    § 227, *et seq*.

14    47.    As a result of Defendant(s)' violations of 47 U.S.C. § 227, *et seq*.,

15    Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory

16    damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and

17    47 U.S.C. § 227(b)(3)(C).

18    48.    Plaintiff and the Class members are also entitled to and seek

19    injunctive relief prohibiting such conduct in the future.

20    ## PRAYER FOR RELIEF

21    WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for

22    relief and judgment as follows:

23    1.    An order certifying this action as a class action and appointing

24    Plaintiff and him counsel to represent the Class;

25    2.    For the first cause of action:

26    • Plaintiff and Class members are entitled to and request $500.00

27    in statutory damages, for each and every violation, pursuant to 47

28    U.S.C. § 227, *et seq*.;

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls and text messages made with automated dialing systems to cellular phones without prior express consent;
- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

3.      For the second cause of action:

- Plaintiff and Class members are entitled to and request $1,500.00 in statutory damages, for each and every violation , pursuant to 47 U.S.C. § 227, *et seq*.;

- Preliminary and permanent injunctive relief enjoining Defendant(s), their agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones without prior express consent;

- Attorneys' fees, costs and any and all other relief that the Court deems just and proper.

Dated:  May 10, 2016                          Respectfully submitted,

                                      By:  */s/ John P. Kristensen*

                                           John P. Kristensen (SBN 224132)
                                           *john@kristensenlaw.com*
                                           David L. Weisberg (SBN 211675)
                                           *david@kristensenlaw.com*
                                           Matthew T. Hale (SBN 303826)
                                           *matt@kristensenlaw.com*
                                           **KRISTENSEN WEISBERG, LLP**
                                           12304 Santa Monica Blvd., Suite 100
                                           Los Angeles, California 90025
                                           Telephone:  (310) 507-7924
                                           Fax:  (310) 507-7906

Kristensen Weisberg, LLP
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated:  May 10, 2016                    Respectfully submitted,

                                        By:  */s/ John P. Kristensen*

                                        John P. Kristensen (SBN 224132)
                                        *john@kristensenlaw.com*
                                        David L. Weisberg (SBN 211675)
                                        *david@kristensenlaw.com*
                                        Matthew T. Hale (SBN 303826)
                                        *matt@kristensenlaw.com*
                                        **KRISTENSEN WEISBERG, LLP**
                                        12304 Santa Monica Blvd., Suite 100
                                        Los Angeles, California 90025
                                        Telephone:  (310) 507-7924
                                        Fax:  (310) 507-7906